Marshall, C. J.
 

 The principal relief sought in this case is the avoidance of the order of probate entered by the probate court of Richland county. If the order of probate is valid, then all subsequent proceedings are likewise valid, because there was no contest of the will within the time limited by statute. The plaintiff can only prevail if the pro
 
 *4
 
 bate court lacked jurisdiction to enter the order and tbe order was therefore absolutely void. The case must be determined upon the application of Sections 10507 and 10541, General Code. Section 10507 provides: “No will shall be admitted to probate without notice to the widow or husband and next of kin of the testator, if any, resident in the state, in such manner and for such time as the probate court directs or approves.”
 

 The foregoing provision is supplemented by Section 10541, which provides: “Unless it has been duly admitted to probate or record, as provided in this chapter, no will shall be effectual to pass real or personal estate. ’ ’
 

 It is urged by defendants that the order of probate is regular on its face and therefore not subject to collateral attack. It is true, that, when the will was tendered to the probate court, and application made for its probate, Joseph Scholl was not named as one of the heirs; neither was it stated that he was a resident of the state of Ohio. This cannot alter the truth that he was in fact a resident, that he was in fact a nephew of the decedent, and that he was one of the next of kin. By reason of the statute, it is clear that he was entitled to notice, and the only question for determination is whether the want of notice precludes him from making a direct attack upon the order of the court. This question is not one of first impression before this court. Certain elements of the problem have been before the court in numerous proceedings.
 
 Baugarth
 
 v.
 
 Miller,
 
 26 Ohio St., 541;
 
 Feuchter
 
 v.
 
 Keyl,
 
 48 Ohio St., 357, 366, 27 N. E., 860;
 
 Kingsborough
 
 v.
 
 Tousley,
 
 56 Ohio St., 450;
 
 Marshall
 
 v.
 
 Heckerman,
 
 103 Ohio St., 559,
 
 *5
 
 134 N. E., 449. The one case decided by this court which is most nearly in point and which seems to be so parallel as to be absolutely decisive is
 
 Lewis
 
 v.
 
 Reed,
 
 117 Ohio St., 152, 157 N. E., 897. That case involved the commitment of a juvenile dependent. Section 1648, General Code, required the mother of the child to be notified by mail at her last known address, unless an affidavit showing that a reasonable effort was made without success to ascertain such address. An affidavit was made by the complainant that the affiant had made due inquiry of the whereabouts of the mother, but was unable to find her, and as a result no notification was given as provided by statute, but that a notice was published in a newspaper in which the mother was addressed in her maiden name. It was held by this court that affiant had placed improper reliance upon false information, that a fraud had been perpetrated upon the court, and that its judgment was therefore subject to attack and therefore void for want of notice. The case at bar presents a situation much clearer than that in the case of
 
 Lewis
 
 v.
 
 Reed, supra,
 
 and, unless this court should decide to overturn a principle declared only three years ago, it must be held in the instant case that the order of probate is absolutely void.
 

 This conclusion is in harmony with decisions of the courts of Illinois, Colorado, and Wisconsin, upon facts quite parallel.
 

 It is urged by the defendants, on the other hand, that Joseph Scholl had knowledge which was the equivalent of notice. There can be no equivalent of notice which the statute expressly requires to be given, except that the party may in writing waive
 
 *6
 
 notice and enter his appearance. The failure to give notice might not be fatal if the circumstances were such that the principle of estoppel would apply. The evidence upon the subject of Joseph Scholl’s knowledge is somewhat involved, and it is not entirely clear when he first learned of the court proceedings for the settlement of his uncle’s estate, or what was the extent of such knowledge. Estoppel is a preclusion in law which prevents a man from alleging or denying a fact in consequence of his own previous act, allegation, or denial of the contrary tenor. At most Joseph Scholl has only been guilty of silence and laches. It does not appear that the defendants were misled by his silence or delay, or that they were thereby induced to take any course of action which they would not otherwise have taken, or that they were prejudiced in any way by his not having asserted his rights earlier. If expenditures or disbursements were made on the faith of his silence, or because he did not earlier make claim to a portion of the estate, such can all be asserted against him when final distribution of the estate shall be made. We are at this time only concerned with the validity of the order of probate.
 

 We have reached the conclusion that the common pleas court and the Court of Appeals erred in holding that Joseph Scholl’s knowledge of the court proceedings precluded him from claiming his interest in the estate, or from denying the validity of the order of probate.
 

 It being apparent from the admissions in the pleadings, and from the admitted facts and evidence, as well as from the admissions of counsel in argument, that the defendants knew that Joseph
 
 *7
 
 Scholl was one of the next of kin and a resident of the state, and that they knew his place of residence, and it therefore being conclusive that no amendment can be made or new issues raised, final judgment will be entered in favor of the plaintiff, Joseph Scholl.
 

 It is therefore adjudged that the order of probate be set aside and held for naught.
 

 Other relief was prayed by the plaintiff, but it is unnecessary to pass upon those matters, because it is assumed that legal notice will be given and that the defendants will seek to have the will probated in a legal way.
 

 Judgment reversed.
 

 Kinkade, Robinson, Day and Allen, JJ., concur.