Stephenson, J.
 

 There is here just one question. If the judge of the Common Pleas Court of Clermont county,-^Ohio, has jurisdiction of the subject-matter of this action for specific performance, then the writ of prohibition should be refused. If such court has no jurisdiction, then the writ as prayed for should be allowed.
 

 
 *62
 
 Section 11270, General Code, provides in part as follows :
 

 “An action to compel the specific performance of a contract for the sale of real estate may be brought either in the county in which the subject of the action is situated, or where the defendants, or any of them, reside. * * * ”
 

 The Court of Common Pleas is the court of general original jurisdiction and, unles's this section is repealed by implication, the suit for specific performance was properly in Clermont county where the land in question was situated.
 

 It is a well established proposition of law that repeals by implication are not favored. Relators claim that the Constitution and laws' of Ohio have delegated to the Probate Courts exclusive jurisdiction in cases such as this, and for that reason no other court can have jurisdiction.
 

 To be more specific, they claim that the Probate Court of Franklin county first acquired jurisdiction to settle the estate of Susan Garrett, deceased; that the question raised in the Clermont county case is incidental to the settlement of her estate; and that the jurisdiction of the Probate Court of Franklin county is exclusive.
 

 The executors, under Item 9 ■ of the will, had full power to sell the real estate in question, at private sale, at such price and upon such terms of credit as seemed to them to be most advantageous to the estate.
 

 This' delegation of power to the executors under the will carried with it the power to enter into a contract of sale, and their contract of sale, when made, had the same degree of sanctity as any other contract of sale, no more, no less. In other words, the law would require the executors to live up to their contract of sale just as it would require other individuals who bore no fiduciary relation to any one. The fact that these contracting parties were executors' gave them no im
 
 *63
 
 munity. Their decedent delegated to them through her will as full and complete power to deal with her property, real and personal, as she could have exercised if living, excepting possibly the right to make a gift of it. Nor does the fact that they were executors in any wise affect the remedy.
 

 Relators make the further claim that the Court of Common Pleas of Clermont county cannot compel them to convey lands, the title to which they have already conveyed. ■
 

 This contention in no wise strengthens their claim to a writ of prohibition. Relators' place some reliance on Section 10501-55, General Code, namely:
 

 “The jurisdiction acquired by a probate court over a matter or proceeding is exclusive of that of any other probate court, except when otherwise provided by law.”
 

 This court passed on'that section when it was designated as Section 10498, General Code, in the case of
 
 State, ex rel. Taylor, Admr.,
 
 v.
 
 Gregory, Judge,
 
 122 Ohio St., 512, 172 N. E., 365, and held that jurisdiction once acquired over an estate is exclusive, and that a writ of prohibition would lie against a second court appointing administrators.
 

 Does this statute and this judgment shed any light on the case before us? ■ We think not. Boiled down, it does establish the law to the effect that the jurisdiction of a Probate Court, once acquired over an estate, is exclusive of every other Probate Court.
 

 Probate Courts are constitutional courts. Their jurisdiction is fixed by Article IY, Section 8, of the Constitution of Ohio, namely:
 

 “The Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians, and such jurisdiction in habeas corpus, the issuing of marriage licenses, and for the sale of land by executors,
 
 *64
 
 administrators and guardians, and such other jurisdiction, in any county, or counties, as may he provided by law. ’ ’
 

 The Court of Common Pleas is likewise a constitutional court, under Article IV, Section 4, of the Constitution of Ohio, which provides:
 

 “The jurisdiction of the courts of common pleas, and of the Judges thereof, shall be fixed by law.”
 

 We agree that there is no provision of law giving the Common Pleas Court original jurisdiction in the administration of estates, and we find no fault with the law as announced in the case of
 
 Brown, Exr.,
 
 v.
 
 Reed,
 
 56 Ohio St., 264, 46 N. E., 982, that the jurisdiction of the Probate Court to settle the account of an executor is ample, and the jurisdiction of the Court of Common Pleas in such matters is appellate.
 

 The cases of
 
 Byers
 
 v.
 
 McAuley
 
 and
 
 McAuley
 
 v.
 
 McAuley,
 
 149 U. S., 608, 37 L. Ed., 867, 13 S. Ct., 906, hold that an administrator appointed by a state court is an officer of the court; his possession of the decedent’s property is a possession taken in obedience to the orders of that court; it is the possession of the court which cannot be disturbed by any other court. These are most interesting cases. The opinion, rendered by Justice Brewer, is a brief in itself and does establish the law, in so far as the federal courts' are concerned, to the effect that where property is in the actual possession of one court of competent jurisdiction, such possession cannot be disturbed by process out of another court.
 

 In those cases the settlement of the estate in question belonged to the Court of Probate of Allegheny county, state of Pennsylvania, which court had taken jurisdiction and was proceeding with the settlement. Whereupon parties from other states claiming an interest therein filed a bill in equity in the Circuit Court of the United States for the Western District of Pennsylvania, praying for distribution of the estate. The
 
 *65
 
 diversity of citizenship was present, and the court assumed jurisdiction and proceeded to distribute the estate. Error was prosecuted to the Supreme Court of the United States, which court reversed the Circuit Court on the ground that a federal court has no original jurisdiction in respect to the administration of a deceased person’s estate, and it cannot, by entertaining jurisdiction of a suit against the administrator, draw to itself the full possession of the estate or the power of determining all claims against or to it.
 

 This court is not committed to the practice of following the federal courts in every instance where the question involved is' an interpretation of the laws of the state of Ohio, but where the opinion of the federal court is persuasive in such case, we give it careful consideration. The Probate Court once having jurisdiction, is a trier of facts unless otherwise provided by law, but may refer them to a master commissioner as provided by the Probate Code (Section 10501-36, General Code).
 

 It is fundamental that the law of the forum gives' to the Probate Court its jurisdiction of the subject-matter of a particular action at law or suit in equity. Neither plea, consent nor artifice can confer it, and its want or absence can be raised at any time.
 

 After having considered all authorities relied upon by relators, our legal problem remains unsolved. We are dealing with a suit for specific performance in this case. The question of a plain, adequate and complete remedy at law is not before us. A proceeding for specific performance is a product of equity jurisprudence. It may supersede the law for more than one reason, namely, inadequacy of damages for breach of contract, or, as in the instant suit, where the party complaining has partially performed his contract and insists that the other contracting parties' perform their part of it.
 

 Pattison wants personal action on the part of the executors and he knoAys that “equity acts in
 
 per so
 
 
 *66
 

 nam.”
 
 Suits in equity are probably tbe most civil of all civil suits.
 

 Section 11215, General Code, provides: “The court of common pleas shall have original jurisdiction in all civil cases where the sum or master in dispute exceeds the exclusive original jurisdiction of justices of 'the peace; * *
 

 No other jurisdictional grant is required in order to constitute the Court of Common Pleas a court of general equitable jurisdiction. The Probate Court is a court of limited jurisdiction, having only such power as is conferred upon it by the Constitution and statutes of Ohio, and has not the inherent general jurisdiction of common-law and chancery courts. 37 Ohio Jurisprudence, 177, Section 159.
 

 There is no question that the General Assembly of Ohio has in certain instances delegated equitable jurisdiction to the Probate Courts, but a careful perusal of all these grants of jurisdiction fails to disclose the delegation of power to entertain suits for specific performance. As long ago as 1853 this court, in the case of
 
 Gilliland
 
 v.
 
 Admrs. of Sellers,
 
 2 Ohio St., 223, held:
 

 “The decree of a probate court in Ohio, involving the exercise of the general jurisdiction of a court of equity, must be considered as
 
 coram non judice
 
 and void.
 

 “A decree by such court, on a petition addressed solely to its probate jurisdiction, for the cancellation of a creditor’s mortgage, was an attempt to exercise' chancery jurisdiction, and utterly void.”
 

 Had Sarah Garrett when living made this contract with Pattison and received from him the $500 earnest money, she would, under the law, have been required to answer the suit for specific performance in Clermont county. She is now deceased, but while living, and for aught that appears, in fulhpossession of her faculties, she delegated to her executors all the power of sale and contract of sale relative to the lands in question
 
 *67
 
 that she could have exercised if living. She divorced them from the Probate Court of Franklin county, Ohio, in so far as the sale of the lands was concerned, and the only duty they owed to such court was to account for the proceeds of sale.
 

 These 'executors were required to read the laws of Ohio into their contract when they entered into it with Pattison, and they were bound to know that if they did not carry out their contract with him they could, and in all probability wpuld, be subjected to a suit for specific performance in Clermont county where the subject of the contract was located and where the laws of Ohio gave the purchaser authority to prosecute the action.
 

 Pattison does not want money. He wants the land he contracted for and upon which he paid part of the purchase money. No Probate Court has' jurisdiction to entertain his suit for specific performance, so he brings it in a court of general equitable jurisdiction in the county where the land is located.
 

 Under such circumstances, is this court warranted in prohibiting the Court of Common Pleas of Clermont county, Ohio, from proceeding with the suit for specific performance, simply, because the executors were appointed by the Probate Court of Franklin county, Ohio?
 

 Under the law and under the facts and circumstances, we answer that question in the negative, and the demurrer to the petition for a writ of prohibition is sustained.
 

 Relator not desiring to plead further, a writ of prohibition is denied.
 

 Writ denied.
 

 Weygandt, C. J., Jones, Matthias, Day and Zimmerman, JJ., concur.
 

 Williams, J., not participating.