YOUNG ET AL., APPELLANTS, *v.* GUELLA, APPELLEE; BOLEY, APPELLANT.

(Decided March 19, 1941.)

*Mr. Jesse P. Dice,* for appellants.
*Mr. Paul G. Russell* and *Messrs. Brouse, McDowell, May & Bierce,* for appellee.

STEVENS, J. The plaintiffs filed in the Court of Common Pleas a second amended petition, wherein it was stated that plaintiffs and the defendant Harry H. Boley are, and since 1936 have been, residents of Summit county, Ohio; that they are the only children and next of kin of Olive A. Boley, who died on October 25, 1937, in Summit county, Ohio, leaving a large amount of property; that defendant Ada L. Guella conceived and set in motion a plan whereby the decedent, Olive

A. Boley, during her declining years was fraudulently induced to execute a paper writing purporting to be the last will and testament of Olive A. Boley, in which instrument said decedent left all of her property to the defendant Guella; that decedent, at the time said paper writing purports to have been signed by her, was of unsound mind, under undue influence and restraint, and that said paper writing is not decedent's last will and testament; that if said paper writing was signed by the decedent, said writing was not executed in conformity to the legal requirements governing the due execution of wills; that after the death of Olive A. Boley said paper writing was offered for probate, and an order for notice to her children resident in Summit county was entered by the Probate Court; that each and all of said children were then known to be residents of Summit county by the court, the applicant for probate of the writing, and the defendant Guella, all of whom knew the separate places of residence of said children; that a false and fraudulent affidavit, showing service of notice on said children, was filed in the Probate Court; that, relying thereon, and upon the false and fraudulent testimony with reference to the execution of said paper writing, and the mental condition of said Olive A. Boley at the time said writing purported to have been executed, the Probate Court of Summit county on November 18, 1937, ordered said paper writing admitted to probate; that no notice as provided in Section 10504-17, General Code, was ever served upon the plaintiffs or the defendant Harry H. Boley, nor did any of them execute waivers thereof and enter their appearance in Probate Court; that until after the expiration of the time limited by law for the contest of said purported will, none of said children knew that said writing had been admitted to probate, nor could they, with reasonable diligence, have discovered said fact; that said order of probate is absolutely void, be-

cause made without service of notice as required by statute (Section 10504-17, General Code).

The petition then prayed that, without attempting to contest the validity of said will in this action, the order of probate be found and decreed to be void and be vacated and set aside, and for other equitable relief.

The defendant Guella demurred to the petition on two grounds: 1. That it is apparent on the face of the petition that the Court of Common Pleas had no jurisdiction of the subject of the action; and 2. That the petition did not state facts sufficient to constitute a cause of action.

The Court of Common Pleas sustained the demurrer, and, plaintiffs not desiring to plead further, an order dismissing plaintiffs' petition was entered. Notice of appeal on questions of law was then filed and this appeal perfected.

The finding of the trial court, which appears in the transcript of the docket and journal entries, states:

"The court finds that the amended petition fails to state a cause of action for the reason that this court has no jurisdiction of the matter, there being an adequate remedy at law before the Probate Court, in which is vested the determination of the matters complained about. The amended petition, therefore, is ordered dismissed."

The journal entry filed indicates a sustaining of the demurrer upon both grounds thereof, said journal providing: "On consideration whereof, the court finds that the demurrer is well taken and should be, and is accordingly, sustained."

It is the claim of the plaintiffs that their petition sets out an independent action in equity, seeking a decree of the Court of Common Pleas finding the order of the Probate Court admitting said paper writing to probate to be absolutely void, because entered without the service of notice upon the next of kin resident in the state, and without any waiver thereof.

For the purpose of this appeal, we must assume that the order of probate was made without notice to the next of kin resident within the state, and Summit county, and without waiver of notice, for it is so alleged in the petition, and the demurrer admits, for the purposes of the demurrer, the truth of facts well pleaded.

On the authority of *Scholl* v. *Scholl*, 123 Ohio St., 1, 173 N. E., 305, the requirement of present Section 10504-17, General Code (former Section 10507, General Code), concerning notice to the next of kin resident in the state, is mandatory and jurisdictional. Further, as stated in paragraph 2 of the syllabus of that case:

"2. An order of probate of a will without notice to persons entitled to notice under the provisions of Section 10507, General Code, and without waiver by such persons, is void and is subject to direct attack by those who neither received notice nor waived service of notice."

We have no difficulty in arriving at the conclusion that the attack made herein upon the order of the Probate Court is direct rather than collateral. *Kingsborough* v. *Tousley,* 56 Ohio St., 450, 47 N. E., 541; *In re Estate of Gingery, Deceased; Marshall* v *Heckerman,* 103 Ohio St., 559, 134 N. E., 449; *Lewis* v. *Reed,* 117 Ohio St., 152, 157 N. E., 897; *Hayes* v. *Kentucky Joint Stock Land Bank,* 125 Ohio St., 359, 181 N. E., 542.

The foregoing would be sufficient to warrant a reversal of this judgment, were it not for the interposition of the claim of defendant Guella that the Court of Common Pleas has had no jurisdiction to entertain such an action since the enactment of the Probate Code in 1932. Inquiry into that question requires examination of the constitutional and statutory provisions granting jurisdiction to the Probate Court as well as the Court of Common Pleas.

Courts in their creation are constitutional or statutory. In Ohio, the Probate Court and the Court of Common Pleas are creatures of the Constitution.

Article IV, Section 1, of the Constitution of Ohio, provides:

"The judicial power of the state is vested in a Supreme Court, Courts of Appeals, Courts of Common Pleas, Courts of Probate, and such other courts inferior to the Courts of Appeals as may from time to time be established by law."

Concerning jurisdiction, Article IV, Section 4, provides:

"The jurisdiction of the Courts of Common Pleas, and of the judges thereof, shall be fixed by law."

Article IV, Section 8, provides:

"The Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators, and guardians, and such jurisdiction in *habeas corpus,* the issuing of marriage licenses and for the sale of land by executors, administrators, and guardians, and such other jurisdiction, in any county, or counties, as may be provided by law."

It will be observed that the foregoing constitutional provisions concerning jurisdiction state, as to the Probate Court, "and such other jurisdiction * * * as may be provided by law"; as to the Common Pleas Court, such jurisdiction as "shall be fixed by law."

The jurisdiction of the Probate Court, as provided by law, appears in Section 10501-53, General Code, as follows:

"Except as hereinafter provided, the Probate Court shall have jurisdiction:

"1. To take proof of wills, and to admit to record authenticated copies of wills executed, proved and allowed in the courts of any other state, territory or country. In case of the sickness or unavoidable ab-

sence of the probate judge, any common pleas judge may take proof of wills and approve bonds to be given, but the record of such acts must be preserved in the usual records of the Probate Court;

"2. To grant and revoke letters testamentary and of administration;

"3. To direct and control the conduct, and settle the accounts of executors and administrators, and order the distribution of estates;

"4. To appoint and remove guardians and testamentary trustees, direct and control their conduct, and settle their accounts;

"5. To grant marriage licenses, and licenses to ministers of the gospel to solemnize marriages;

"6. To make inquests respecting lunatics, insane persons, idiots and deaf and dumb persons, subject by law to guardianship;

"7. To qualify assignees and appoint and qualify trustees and commissioners of insolvent debtors, control their conduct and settle their accounts;

"8. To authorize the sale of lands or equitable estates or interests therein, on petition by executors, administrators and guardians, and the assignments of inchoate dower in such cases of sale;

"9. To authorize the completion of real contracts on petition of executors and administrators;

"10. To allow and issue writs of *habeas corpus,* and determine the validity of the caption and detention of the persons brought before it on such writs:

"11. To construe wills;

"12. To render declaratory judgments;

"13. To direct and control the conduct of fiduciaries and settle their accounts.

"Such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law.

"The Probate Court shall have plenary power at law and in equity fully to dispose of any matter prop-

erly before the court, unless the power is expressly otherwise limited or denied by statute."

Also Section 10501-17, General Code, which provides:

"The Probate Court shall have the same power as the Common Pleas Court to vacate or modify its orders or judgments."

The jurisdiction vested in the Court of Common Pleas by law appears in Section 11215, General Code, as follows:

"The Court of Common Pleas shall have original jurisdiction in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of justices of the peace; and appellate jurisdiction from the decision of county commissioners, justices of the peace, and other inferior courts in the proper county, in all civil cases, subject to the regulations provided by law."

Of this section the Supreme Court of Ohio, in *State, ex rel. Black, Exrs.,* v. *White, Judge,* 132 Ohio St., 58, 5 N. E. (2d), 163, has said (p. 66): "No other jurisdictional grant is required in order to constitute the Court of Common Pleas a court of general equitable jurisdiction."

It is urged by the appellee that the provisions of Section 10501-53, General Code, which read, "* * * the Probate Court shall have jurisdiction:

"1. To take proof of wills * * *.

"Such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law.

"The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court * * *," vest exclusively in the Probate Court the jurisdiction to probate wills, and hence exclude the Court of Common Pleas, in an independent action in equity, from inquiring into the propriety of the order of probate.

It is further asserted that Section 10501-17, General

Code, which gives to the Probate Court the same power as the Common Pleas Court possesses to vacate or modify its orders and judgments, furnishes to plaintiffs a full, complete and adequate remedy at law, and therefore in this action precludes recourse to the equity side of the Court of Common Pleas.

It is our opinion that the words "such jurisdiction" used in Section 10501-53, General Code, apply to jurisdiction of the Probate Court over the matters expressly enumerated in that section of the statute, and that the term "plenary power at law and in equity" does not contemplate a grant of general equity jurisdiction to the Probate Court (*State, ex rel.,* v. *White, Judge, supra*), but rather a limited grant of equitable jurisdiction in order that the Probate Court may fully dispose of matters *properly before it.* The provisions of Section 10501-17, General Code, vest in the Probate Court only the same authority to vacate or modify its orders, as is possessed by the Court of Common Pleas as to its orders, and said section neither expressly nor impliedly grants to the Probate Court the general equity jurisdiction possessed by the Court of Common Pleas.

Since the present constitutional and statutory grants of jurisdiction to the Probate Court enable that court to give relief to these plaintiffs in the situation under consideration, does it therefore follow that such relief is exclusive in the Probate Court, and that the Common Pleas Court, a court of general equity jurisdiction, is thereby ousted from the exercise of its jurisdiction, and from granting to plaintiffs the relief which it is capable of granting?

The Court of Common Pleas, as the court of general jurisdiction, has from time immemorial had jurisdiction to vacate the judgments of Probate Courts, on principles of equity, for want of jurisdiction, or mistake, or for fraud practiced upon the court.

The remedy of vacation of a judgment of the Probate Court by the Probate Court under favor

of statutory authority is, unless the contrary clearly appears from the plain wording of the statutes, merely cumulative of the remedies afforded by equity, and the statutory and equitable remedies are concurrent. *Coates* v. *Chillicothe Branch of the State Bank of Ohio,* 23 Ohio St.,. 415; *Darst* v. *Phillips,* 41 Ohio St., 514; *Feuchter* v. *Keyl,* 48 Ohio St., 357, 27 N. E., 860; *City of Zanesville* v. *Fannan,* 53 Ohio St., 605, 42 N. E., 703; *Wagner* v. *Armstrong,* 93 Ohio St., 443, 113 N. E., 397; *Seeds* v. *Seeds,* 116 Ohio St., 144, 156 N. E., 193, 52 A. L. R., 761; 1 Pomeroy's Equity Jurisprudence (4 Ed.), Section 62; 1 Story's Equity Jurisprudence (14 Ed.), Section 121. There appears neither from the constitutional provisions nor from the statutory definitions of the jurisdiction of the Probate Court, any express intent to oust the Court of Common Pleas of its equitable jurisdiction over void orders of the Probate Court; likewise, there is nothing in those provisions which, in our opinion, furnishes a basis for a proper claim of repeal by implication of the statutory grant of general jurisdiction to the Court of Common Pleas, in so far as the exercise of that jurisdiction may affect the judgments or orders of the Probate Court.

To us it is apparent that, whether plaintiffs now have an adequate remedy at law by proceedings in the Probate Court, is of no material importance in determining the jurisdictional right of a court of general equity jurisdiction to intervene in this situation.

"There is one notable exception to the general principle that equity will not exercise jurisdiction where the remedy at law is adequate. Where equitable jurisdiction has once been asserted in a given field because of the absence or inadequacy of legal remedy, it will not be ousted by a subsequent change in the law whereby an adequate legal remedy is created, or an existing, but incomplete, legal remedy is made adequate. This principle applies not only to change of judicial deci-

sion, but also to legislation creating new or altered legal procedure. In Ohio, as elsewhere mentioned, there exist special statutory proceedings for relief after judgment, by petition or motion in the case in which the judgment was rendered, and among the grounds of such relief are some which would constitute bases of equitable relief; but it is settled that these special statutory proceedings are cumulative, and do not exclude or otherwise affect the equitable jurisdiction herein discussed. The latter remedy was known to the law before the remedy by special proceedings was provided by the Code. Where the case is such that relief is properly sought other than that which may be obtained in the case in which the judgment or decree is rendered, and the impeachment of the judgment or decree is only necessary to the further relief sought, an original action is the proper remedy * * *." 23 Ohio Jurisprudence, Judgments, Section 1240. And see 16 Ohio Jurisprudence, Equity, Section 21.

To the same effect was the statement of Lord Chancellor Eldon in the case of *Eyre* v. *Everett*, 2 Russ., 381, 38 Eng. Rep., 379, in which he said, speaking of the Court of Chancery:

"There are some cases in which the court entertains jurisdiction, though there would be a good defence at law; but that is, because in those cases the matter was of such a kind that there was an original jurisdiction belonging to this court; and this court will not allow itself to be ousted of any part of its original jurisdiction, because a court of law happens to have fallen in love with the same or a similar jurisdiction, and has attempted (the attempt for the most part is not very successful) to administer such relief as originally was to be had here and here only."

We are of the opinion that, under the respective constitutional and statutory grants of jurisdiction to the Probate Court and the Court of Common Pleas, there remains vested in the Court of Common Pleas juris-

diction in equity to declare the orders and judgments of the Probate Court to be void, where a proper basis for such decree appears.

We hold the petition in this case to state a good cause of action.

It is the opinion of the members of this court that the trial court erred when it sustained the demurrer of defendant Guella on either or both of the grounds stated therein.

The judgment is reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

DOYLE, P. J., and WASHBURN, J., concur.