FELLERS, PLAINTIFF, v. BELAU ET, DEFENDANTS.

Common Pleas Court, Paulding County.

No. 18642. Decided February 2, 1961.

*Mr. Otto W. Hess* and *Mr. George A. Meekison,* for plaintiff.
*Mr. Harvey E. Hyman,* for defendant.

HITCHCOCK, J.   Plaintiff filed her action in this Court August 17, 1959, against defendants, August Belau and his wife, Bertha Becher (misspelled Becker), her husband, and Edward Becher, Emery Belau and wife, and Fannie Stein and husband. August Belau is a brother, Emery Belau, a nephew, and Bertha Becher and Fannie Stein, nieces of decedent, Winnie Fellers, and constitute all the heirs of said decedent.   Said decedent, Winnie Fellers, died testate as to her personal property and a resident of Allen County, Ohio.   However, Lot Thirty-one (31) in Hennings Addition in the Village of Paulding, County of Paulding, and State of Ohio, was not devised by her will.

The petition claims a cause of action in specific performance for said lot based upon an oral contract followed by surrender of possession and part performance.   Plaintiff remains in pos-

session of the premises. Bertha Becher, Administratrix WWA of the Estate of Winnie Fellers, deceased, resides in the County of Paulding.

Summons was served on defendants herein as follows:

Edward Becher, Route No. 1, Oakwood, Ohio. Personal service 8-19-59

Bertha Becher, Route No. 1, Oakwood, Ohio. Personal service 8-19-59

Emery Belau, Route No. 1, Oakwood, Ohio. Personal service 8-19-59

Mrs. Emery Belau, Route No. 1, Oakwood Ohio. Personal service 8-19-59

Mrs. Fannie Stein, Okema, Oklahoma. Out of state personal service 8-28-59

Husband of Fannie Stein, Okema, Oklahoma. Out of state summons returned "Not found in County." 8-28-59

August Belau, 1117 N. Main, Lima, Ohio. Personal service 8-19-59

Wife of August Belau, Summons Returned, "No such person." 8-19-59

On May 4, 1960, defendants were given until May 20, 1960, in which to move or plead.

On May 23, 1960, defendants, Emery Balou and Bertha Becher, specially appeared, and filed their motion to quash service of summons upon them, alleging this court had no jurisdiction in the premises as Winnie Feller's estate was being administered in the Probate Court of Allen County, Ohio, and that they were parties to an action in that court to sell subject premises.

On December 1st, 1960, the court overruled defendant's said motion to quash service, and on December 13, 1960, held a hearing to consider whether the Administratrix was a necessary party in this action for specific performance.

On December 14, 1960, defendants, Emery Belau and Bertha Becher, filed their motion for a rehearing of their motion to quash service of summons.

On December 16, 1960, plaintiff filed a motion for an order making Bertha Becher as Administratrix of the Estate of Winnie Fellers, deceased, as aforesaid, a defendant in this action.

Both motions were orally argued to the Court on January

13, 1961, at which time counsel for the defendants disclosed that in a letter postmarked January 10, 1961, he had received from John A. Robenalt, attorney for said Bertha Becher, Administratrix WWA, in Case No. 33032 in the Probate Court of Allen County, Ohio; a copy of her application in said Probate Court to make Anna Fellers a defendant in the land sale action there wherein Administratrix was plaintiff and defendants here (less spouses) defendant, and to require her to set up her interest in instant lands in that Court, together with a copy of a journal entry entered in that Court as follows:

"This cause came on to be heard on the Motion of the Plaintiff herein that Anna Fellers be made a party to this proceeding and, for good cause shown, the Court finds that said Anna Fellers has, or claims to have, some interest in the real estate described in the Petition and that the Journal Entry Confirming Sale, the Order of Sale, and the Journal Entry Ordering Sale should be set aside and held for naught and that summons should issue to said Anna Fellers and that she should be made a party to this action.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Journal Entry Confirming Sale, the Order of Sale and the Journal Entry Ordering Sale herein be and hereby are set aside and held for naught; that Anna Fellers of 339 N. Dix Street, Paulding, Ohio, be and hereby is made a party Defendant to the action herein; and that service of summons be made upon said Anna Fellers by the Sheriff of Paulding County, Ohio, notifying her of the prayer and pendency of this action.

Paul J. Rockey

JUDGE''

Although not required to do so, the Court will in the circumstances, take judicial notice of these records of the Probate Court of Allen County and finds that summons pursuant to this last mentioned order was served on plaintiff, Anna Fellers, by the Sheriff of Paulding County, Ohio, on January 17, 1961, and duly returned to the Probate Court of Allen County. Neither before nor on this day, January 17, 1961, had plaintiff herein caused any summons to issue from this court in this case for the Administratrix in her fiduciary capacity.

It is the court's understanding that counsel argued this case on January 13, 1961, on the assumption and premise that there was no disagreement as to any item of procedural fact above recited. Consequently, the court will decide the issues as though the case were submitted on an agreed statement of facts, and will not require more elaborate pleadings.

The court has considered the authorities cited by counsel and arrives at these conclusions:

In Ohio it is fundamental that courts of common pleas are courts of original general jurisdiction and exercise original jurisdiction in all cases, excepting only those excluded by specific statute. Probate courts are courts of limited jurisdiction with plenary power in the areas of jurisdiction delineated by statute. Since the beginning of this state courts of common pleas have continuously had and have exercised general equity jurisdiction, which included actions for specific performance to convey real property.

In arriving at a decision here, the court has considered several statutes, which in pertinent part, read as follows:

Section 2101.24, Revised Code, reads:

"Except as otherwise provided by law, the probate court has jurisdiction:

"* * *

"(I) To authorize the completion of real contracts on petition of executors and administrators.

"* * *

"Such jurisdiction shall be exclusive in the probate court unless otherwise provided by law.

"The probate court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly limited or denied by statute.

"The jurisdiction acquired by a probate court over a matter or proceeding is exclusive of that of any other probate court, except when otherwise provided by law."

Section 2307.34, Revised Code, reads:

"An action to compel the specific performance of a contract for the sale of real estate may be brought either in the county in which the subject of the action is situated, or where the defendants, or any of them reside. . . ."

Section 2307.32, Revised Code, reads:

"Action for the following causes must be brought in the county in which the subject of the action is situated, except as provided in Sections 2307.33 and 2307.34, Revised Code:

"(A) For the recovery of real property, or of an estate or interest therein;

"(C) For the . . . enforcement of . . . other encumbrance or charge on real property."

Section 2307.39, Revised Code, reads:

"All actions, other than those mentioned in Sections 2307.32 to 2307.38, inclusive, Revised Code, must be brought in the county in which a defendant resides or may be summoned, except actions against an executor, administrator, guardian, or trustee, which may be brought in the county wherein he was appointed or resides, in which cases summons may issue to any county."

This court is in complete agreement with the Court of Appeals for Summit County when it says, in *Young* v. *Guella*, 67 Ohio App., 11, 35 N. E. 2d, 997, 21 Ohio Opinions, 66 (1941); at page 18 of the official reporter:

"* * *

"It is our opinion that the words 'such jurisdiction' used in Section 10501-53, General Code, apply to jurisdiction of the Probate Court over the matters expressly enumerated in that section of the statute, and that the term 'plenary power at law and in equity' does not contemplate a grant of general equity jurisdiction to the Probate Court (*State, ex rel.,* v. *White, Judge, supra*), but rather a limited grant of equitable jurisdiction in order that the Probate Court may fully dispose of matters *properly before it*. The provisions of Section 10501-17, General Code, vest in the Probate Court only the same authority to vacate or modify its orders, as is possessed by the Court of Common Pleas as to its orders, and said section neither expressly or impliedly grants to the Probate Court the general equity jurisdiction possessed by the Court of Common Pleas."

Section 2101.24, Revised Code, as presently written has been in effect since September 9, 1957. It is a rewriting of Section 10501-53 and Section 10501-55, General Code, with only a few slight changes in wording which are immaterial to the issues before the court.

The court concludes that its order of December 1, 1960, overruling the motion of defendants Emery Belau and Bertha Becher was correct.

The reason is that the Supreme Court of Ohio has authoritatively decided that mere possession of property of an estate by an Ohio probate court is not a possession which cannot be disturbed by any other court and which vests exclusive jurisdiction in said probate court as to any matter affecting such property. *State, ex rel. Black* v. *White, Judge,* 132 Ohio St., 58, 5 N. E. 2d, 163, 7 Ohio Opinions, 165 (1936). The Ohio Supreme Court, in this decision expressly disavowed for Ohio the federal rule to the contrary, citing *Byers* v. *McAuley* and *McAuley* v. *McAuley,* 149 U. S., 608, 37 L. Ed., 867, 13 S. Ct., 906.

In the *White case, supra,* the facts were that Black and Williams were executors of the will of Susan Garrett, appointed by the Probate Court of Franklin County on June 2, 1930. They were still executors in 1936, and continued to exercise wide general powers granted by said will. One Pattison claimed that in December, 1933, he contracted in writing with the executors to purchase lands of the estate situate in Clermont County for $4500 and paid $500 to the executors as earnest money but that the executors violated their agreement and sold the lands to one Young. Pattison as plaintiff on November 16, 1934, filed an action against said executors, No. 18686 in the Court of Common Pleas of Clermont County, depositing the $4000 balance of the alleged purchase price with the Clerk at the time. Thereafter the executors brought an action in prohibition in the Ohio Supreme Court to restrain Judge White of the Clermont County Common Pleas Court from proceeding to hear the action in specific performance on the grounds that he had no jurisdiction.

The writ of prohibition was refused, the court holding inter alia, in syllabi as follows:

"5. A Court of Common Pleas of a county where the land in question is located, being a court of general equity jurisdiction, has jurisdiction of the subject-matter of an action for specific performance of a contract for sale of real estate by executors, and this court has no jurisdiction to prohibit its exercise."

The fact that this case differs from the case before the Supreme Court in that the alleged contract is between the plaintiff-vendee and decedent rather than the plaintiff-vendee and administratrix has nothing to do with determining the jurisdiction of this court.

There is nothing obscure or ambiguous in the decision of our Supreme Court in *State, ex rel. Black,* v. *White, Judge, supra*. In light of the historical struggle, in English law, to vest courts of common pleas with general equity jurisdiction, such courts should surely not be anxious to declare themselves without jurisdiction to do equity in cases clearly equitable in nature.

Considerations of practical wisdom also commend this decision of the Supreme Court, for in our own Ohio history, our probate courts have primarily been responsible for the preservation and correct administration of property, the fruit of freedom and industry, belonging to estates, orphans and persons suffering mental illness. They have not been primarily concerned with the litigation of serious and oftimes acrimonious disputes. In Ohio this task has always been the primary responsibility of the courts of common pleas.

This *White case* was followed by the Court of Appeals for Franklin County in *Hannon* v. *Robinson, Exr.*, 42 Ohio Law Abs., 368, 60 N. E. 2d, 515 (1944). This action for specific performance to convey real estate by one claiming to have made a contract with an executor, appointed by the Probate Court of Franklin County, was brought in the Common Pleas Court of the same county. A demurrer to the petition was sustained by the Common Pleas Court but overruled and remanded to that court for action on the authority of *State, ex rel. Black,* v. *White, supra.*

In this action for specific performance is the Administratrix a necessary party? The court believes that she is. In a discussion found at page 943 of 43 A. L. R. 2d, it is stated:

"In view of the fact that under the doctrine of equitable conversion, as applied in most if not in all jurisdictions, the vendor's interest in or under a contract for the sale of realty is treated as personalty, belonging, in the event of his death, to his personal estate, it is generally held that in an action by the purchaser or his representatives or successors in in-

terest, after the death of the vendor, to compel the conveyance of the legal title, the latter's personal representative, as well as his heirs or devisees, is a necessary or proper party where the purchase price has not been fully paid, or where there is any question or issue as to the fact of such payment or the amount due, he being interested to the extent of securing the payment of any balance due, which would constitute personal assets of the decedent's estate, and since the decree would require any such payment to be made to him. He has also been variantly held to be a necessary or proper party to such an action independently of any question or issue as to the purchase price. . . .''

''In an action by the vendee against the heirs of the vendor, praying in the alternative for a conveyance of the land or for compensation in damages, the personal representative of the vendor has been held to be an indispensable party defendant, since any such damages would be payable out of the vendor's personal estate. (Citing *Massie's Heirs* v. *Donaldson*, 8 Ohio, 377.)

''* * *

''. . . The mere contingent right of an administrator to sell real estate to pay debts has been held not to give him such an interest therein as to authorize an action against him for the specific performance of an agreement by the decedent to convey.''

It is clear from the petition that plaintiff still owes $200 under the contract she alleges, and such fund has not been paid into court. Consequently, the court is of the opinion that the Administratrix is a necessary party to this action in which, even if plaintiff is not entitled to specific performance, she may possibly be entitled to a vendee's lien. See *Cleveland Trust Co.* v. *Bouse, Jr.*, 163 Ohio St., 392, 127 N. E. 2d, 7, 56 Ohio Opinions, 350 (1955). And plaintiff has not yet summoned the Administratrix as such, into this Court, so this Court has not acquired jurisdiction of this necessary party.

The next question is, ''Does the Probate Court of Allen County now have jurisdiction of both all necessary parties and the subject matter?'' The Court answers this question, ''Yes,'' and for these reasons:

Under Section 2101.24, Revised Code, the Allen County Probate Court has ". . . plenary power at law and in equity . . . to authorize the completion of real contracts on petition of . . . administrators." Giving the word "petition" a broad meaning it is clear that the Administratrix caused summons to issue to plaintiff herein, to require her to set up such right and title as she may have in this Paulding County real estate. She is also necessarily asking the Probate Court to determine if there be a contract as alleged, and if so, to be enforced.

It is clear to the Court that with the service of summons from the Allen County Probate Court herein upon plaintiff, that Court first obtained jurisdiction of both all necessary parties and the subject of the action. Also, that being vested with *"plenary power* at law and in equity," it may dispose of this cause in the usual course; or, if in its opinion a proper case of doctrine *forum non conveniens* is made, it may return this cause to this court for disposition in a manner similar to that provided for certain causes in Section 2101.25, Revised Code.

The rule of *"forum non conveniens"* is an equitable one embracing the discretionary power of a court to decline to exercise jurisdiction which it has over a transitory cause of action when it believes that the action may be more appropriately and justly tried elsewhere. *Leet* v. *Union Pacific R. Co.*, 155 P. 2d, 42, 25 Cal. 2d, 605. *Whitney* v. *Madden*, 79 N. E. 2d, 593, 400 Ill., 185. *Di Lella* v. *Lehigh Val. R. Co.* (D. C. N. Y.) 7 F. R. D., 192.

Defendant's motion to quash, on rehearing, will be overruled. Plaintiff's motion to make Bertha Becher as Administratrix WWA of the Estate of Winnie Fellers, Deceased, a defendant herein although allowable, becomes immaterial as the Allen County Probate Court now has jurisdiction to hear and dispose of this case. The Court will, of its own motion, dismiss the petition for want of present jurisdiction to entertain it, at plaintiff's costs.

Counsel may prepare an appropriate journal entry.