In re Estate of Warrick.*

(No. 2647—Decided February 23, 1962.)

*Messrs. Baver & Doan* and *Messrs. Scharrer & Porter,* for appellee.
*Messrs. Gallon, Krehbiel & Miller,* for appellant.

Kerns, J.  This is an appeal on questions of law from a judgment of the Probate Court of Montgomery County overruling a motion of Bertha L. Collins, appellant herein, to set aside the probate of the will of Henry Warrick.

The appellant moved to set aside the probate of the will because she has a claim arising out of tort which was not presented to the executor of the estate of Henry Warrick within the time allowed by law.  Sections 2117.06 and 2117.07, Revised Code.

And the appellant's ground for attacking the order of pro-

---

*Motion to certify the record overruled (37674), November 21, 1962.

bate is that decedent's son neither received nor waived notice prior to the admission of the will to probate, as required by law. Section 2107.13, Revised Code.

Stated briefly, the pertinent facts are that Henry Warrick died on June 5, 1959, leaving two children, John Warrick and Donna Stalder. On June 8, 1959, John Warrick filed an application to admit his father's will to probate. The application was accompanied by a waiver of notice signed by Donna Stalder. The applicant, however, did not sign the waiver, and the appellant contends, therefore, that the order admitting the will to probate is void.

Section 2107.13, Revised Code, provides in part:

"No will shall be admitted to probate without notice to the surviving spouse and to the persons known to the applicant to be residents of the state who would be entitled to inherit from the testator * * * if he had died intestate."

Ordinarily, an order admitting a will to probate, made without service of notice upon the next of kin resident in this state, as required by the above statute, or without waiver thereof, is void. *Scholl* v. *Scholl*, 123 Ohio St., 1; *Young* v. *Guella*, 67 Ohio App., 11.

In the *Scholl case*, however, the court anticipated that circumstances might arise where the doctrine of estoppel would apply. At page five therein, the court said:

"There can be no equivalent of notice which the statute expressly requires to be given, except that the party may in writing waive notice and enter his appearance. The failure to give notice might not be fatal if the circumstances were such that the principle of estoppel would apply. * * * Estoppel is a preclusion in law which prevents a man from alleging or denying a fact in consequence of his own previous act, allegation, or denial of the contrary tenor."

After an examination of the record here, a factual posture is hardly conceivable which might be better suited for the application of the doctrine of estoppel.

Here the decedent's son, John Warrick, not only offered the will for probate, but, on the same day that it was admitted to probate, he filed an application to be appointed executor, which includes his sworn statement that the will had theretofore been duly admitted to probate. And as if this were not enough

to estop the applicant from thereafter denying that the will was duly admitted to probate, he then accepted the appointment as executor of the will and proceeded to administer the estate.

Once the decedent's son was estopped to deny notice, the order of probate became invulnerable. It was no longer subject to attack by anyone. Surely, third persons, who were not prejudiced by the claimed irregularity, now stand in no better position than the decedent's son himself.

Our conclusion is supported by the case of *In re Estate of Hammer*, 99 Ohio App., 1, where the third paragraph of the syllabus reads:

"3. Where heirs join together as plaintiffs in a suit to set aside the probate of a will for the reason that one of such heirs was a resident of Ohio at the time of the probate of such will and had not been served with notice thereof, such heir, by bringing the will contest case, admits the probate of the will and is barred from making any attack upon the regularity of the order of probate or the authority and jurisdiction of the court that made it; and the heirs at law of such heir are bound by such election."

In the case before us, the facts make a more convincing appeal for the application of estoppel than do the facts of the *Hammer case*.

The judgment is affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.