KROCK ET AL. V. DAY ET AL., BOARD OF COUNTY COMMISSIONERS.
SONENFIELD v. DAY ET AL., BOARD OF COUNTY COMMISSIONERS.
EPISCOPAL CHURCH OF THE ADVENT v. DAY ET AL., BOARD OF
COUNTY COMMISSIONERS.
WEBER ET AL. v. DAY ET AL., BOARD OF COUNTY COMMISSIONERS.
SONENFIELD ET AL. v. DAY ET AL., BOARD OF COUNTY
COMMISSIONERS.

(Nos. 666383, 667383, 667384, 667385 and 667788—Decided
June 28, 1966.)

Probate Court of Cuyahoga County.

*Mr. Earl J. Krock, Mr. John T. Corrigan,* prosecuting attorney, *Mr. A. M. Braun, Mr. John L. Dowling* and *Mr. Richard A. Goulder,* for case No. 666383.

*Messrs. Van Aken, Whiting, Arnold, Bond & Withers, Mr. John T. Corrigan,* prosecuting attorney, *Mr. A. M. Braun, Mr. John L. Dowling* and *Mr. Richard A. Goulder,* for cases Nos. 667383, 667384, 667385 and 667788.

MERRICK, P. J. The aforementioned cases came upon the docket of this court by the filing of a purported appeal from a spread of tentative assessments by the Cuyahoga County Board of County Commissioners for the construction of a sewer system to serve the easterly portion of the city of Westlake. An appeal to the Probate Court is provided for by virtue of Section 6117.09, Revised Code. Section 6117.10, Revised Code, provides for the method of perfecting such appeal by placing a limitation of time within which such appeal shall be commenced—in the following excerpt from that statute:

"* * * shall on or before the date of the passage of the

improvement resolution give notice in writing of an intention to appeal. * * *''

The purported notice of appeal in each of these cases was filed after the date of the passage of the resolution. The court overruled objections and motions to dismiss filed by counsel for the commissioners and reserved decision on the question until a complete hearing could be had on these purported appeals and other cases which had been properly appealed from the decision of the commissioners involving other properties in the same sewer district.

As to the above captioned cases, the law was established in 1953 by the Supreme Court of Ohio in *Gallman et al* v. *Commissioners*, 159 Ohio St. 253. So much of the syllabus as is important reads as follows:

''* * * a property owner affected by such resolution may not appeal from the action of the board unless he gives notice in writing of an intention to appeal on or before the date of the passage of the improvement resolution * * *.''

This seems to dispose of these cases, at least so far as the right of appeal is concerned. However, in the opinion of this court, a property owner is not restricted to this course if his claim is based on the theory that the assessment is confiscatory to the extent that it will amount to a taking of his property by an assessment, exceeding benefits created by the establishment of the sewer district and available access to its use. In these cases such claim is alleged.

Down through the years courts took divergent views of the rights of a taxpayer who was given proper notice by an assessing arm of government but who failed to give notice of appeal on or before the preliminary hearing of the assessing body. It has been strenuously argued that the statute is clear and unambiguous. Some claim that an appeal can only be taken from a final order of the assessing body and that no earlier step need be taken.

The Supreme Court of Ohio in 1942 settled the various questions in the case of *Domito* v. *Maumee*, 140 Ohio St. 229. The second paragraph of the syllabus reads as follows:

''While failure to make written objections or protest, as provided by law, to the imposition of an assessment against private property, after due notice of the improvement and the amount to be levied therefor, precludes the owner from escap-

ing payment by asserting non-compliance with statutory requirements on the part of the assessing body, it does not estop him from resisting collection on constitutional grounds."

In arriving at this conclusion, in the majority opinion by Judge Zimmerman, the following cases were reviewed and considered:

*Bashore v. Brown, Treas.*, 108 Ohio St. 18; *City of Cuyahoga Falls v. Beck*, 110 Ohio St. 82; *Hammond, Treas., v. Winder, Recr.*, 112 Ohio St. 158; *Wagner v. Messner, Aud.*, 136 Ohio St. 514; *Walsh v. Barron, Treas.*, 61 Ohio St. 15; *State, ex rel., Shafer, v. Otter, Surveyor*, 106 Ohio St. 415 and *Baxter v. Van Houter, Aud.*, 115 Ohio St. 288. *Section 19, Article I of the Ohio Constitution* is also cited in the opinion.

In the first paragraph of the syllabus of *Domito v. Maumee, supra*, the language indicates that such relief may be granted by a court of equity. The opinion uses the same language. Other cases indicate that the injunctive process should be pursued in a court with original jurisdiction in equity. *Dorman v. Kincade, Treas.*, 86 Ohio Law Abs. 343. In *Fellers v. Belau*, 87 Ohio Law Abs. 54, Common Pleas Court of Paulding County (1961), the question of limits of the equitable jurisdiction of the Probate Court as set forth in the Probate Code was discussed. The cases cited by Judge Hitchcock in his opinion are very helpful in examining the question of the jurisdiction of this court to consider the question of equitable relief even though the appeals were not properly perfected.

It is elemental that before a court can effectively acquire jurisdiction to hear and determine a cause, the person or thing sought to be charged or affected must be properly brought before the court.    14 Ohio Jurisprudence 2d 539.

Resolving the questions herein involved it is the opinion and finding of this court that the purported appeals in these cases should be dismissed for failure to perfect the same under the requirements of the statute and that the Probate Court has no jurisdiction to entertain the claims or rights of the parties in equity and has no jurisdiction to consider the cases as in the Probate Court seeking injunctive process or other equitable relief.

Costs of these appeals charged to individual appellants in each case.

*Appeals dismissed.*