CITY OF BROOK PARK *v.* COLUMBIA ROAD INVESTMENT, INC.,
ET AL.

[Cite as Brook Park v. Columbia Road Investment
(1970), 23 Ohio Misc. 363.]

(No. 716250—Decided March 3, 1970.)

Probate Division, Common Pleas Court of Cuyahoga County.

*Messrs. Terrell, Williams & Salim, Mr. Ralph A. Mc-Allister* and *Mr. James F. Hennessy,* director of law, for plaintiff.
*Mr. Benton Bansett,* for defendant East Ohio Gas Company.
*Messrs. Kinchen, Matia & Mays* and *Mr. Gilbert H. Kinchen,* for defendant Columbia Road Investment, Inc.
*Mr. Carl E. Chancellor,* for defendant Cleveland Electric Illuminating Company.

*Mr. Fred F. Hilow*, for defendant Frank M. Brennan, Treasurer.

*Mr. George Manning*, for defendant.

*Mr. Donald J. Guittar*, for defendant city of Cleveland.

MERRICK, P. J.  The city of Brook Park has instituted proceedings in this court to appropriate certain land located in that city but adjacent to an airport located in and operated by the city of Cleveland.

The amended petition states that Brook Park has been unable to purchase the land at a stated price and requests appropriation at a price to be fixed by a jury.  A number of persons and corporations are named as owners or holders of easements.  For the purpose of this opinion only two are of importance, Columbia Road Investment, Inc., and the city of Cleveland.

The city of Cleveland has moved for dismissal for the reason that the provisions of Chapter 163, Revised Code, have not been complied with as a condition precedent to the institution of the present action, particularly as to negotiations for purchase with the city of Cleveland which held the record title to the land at the time of the institution of these appropriation proceedings, and for summary judgment.

In accordance with the requirements of Section 163.09 (B), Revised Code, a preliminary hearing was ordered by this court to dispose of various and sundry questions other than an order for a jury trial to determine compensation and assess damages, if any.

Many claims were presented by the parties in addition to the question of compensation.  Among these was a request that the court declare that the city of Brook Park was the equitable owner because of some understanding or agreement its officials had with the Columbia Road Investment Company, relative to a purchase of the land by the city of Brook Park.

On February 21, 1967, the Council of the city of Brook Park passed a resolution authorizing employment by its officials of appraisers to ascertain the value of the

land for purposes of negotiations with the owners for its purchase. At that time, the record owner was Columbia Road Investment, Inc.

On April 4, 1967, the Council of the city of Brook Park declared the intention to appropriate the land for public park purposes and served notice on the title owner of such intent and authorized its law director to institute appropriation proceedings.

On December 24, 1967, the Council of the city of Brook Park authorized its mayor to enter into a contract to purchase the land and on the same date authorized the necessary steps to finance the purchase. The claim is made that an agreement on the purchase price had been made between Brook Park officials and the record owner.

On January 6, 1968, the Council of the city of Cleveland declared its intention to appropriate the land for aviation purposes and on the same date authorized the purchase by the city of Cleveland for a like purpose for the sum of $209,000. It is contended that the owner had previously agreed to sell to the city of Brook Park for the sum of $186,000. On the same date, a duly executed deed from the Columbia Road Investment, Inc., to the city of Cleveland was recorded with the county recorder. The land involved in this litigation is set forth in that deed by metes and bounds. This action was commenced January 9, 1968.

Some basic legal questions are involved in considering the situation here presented.

An intention to appropriate land, not coupled with the bringing of court proceedings to do so, even with notice to the owner, does not interfere with the owner's right to use his property as he sees fit. It follows that he may also dispose of it. See opinion of Judge Parrino in *City of Cleveland* v. *Bassichis*, Case No. 749883, Common Pleas Court of Cuyahoga County, memorandum opinion, March 23, 1961.

If a condemnor to whom the power of eminent domain has been delegated, such as a municipality, seeks to exercise the power with property already devoted to public

use, the general rule is that where the proposed use will either destroy such existing use or interfere with it to such an extent as is tantamount to destruction, the exercise of the power will be denied unless the Legislature has authorized the acquisition either expressly or by necessary implication. 1 Nichols on Eminent Domain, Third Edition, 205. *Blue Ash* v. *Cincinnati*, 173 Ohio St. 345.

As to the several claims that this court may consider some of these questions in equity, such as specific performance, equitable ownership or estoppel, this court is of the opinion that sitting in probate, it has no jurisdiction to inquire into such claims or allegations.

Specific performance is an equitable remedy and an action therefor is an equitable action. Probate Courts have only such equitable powers as have been delegated to them. 14 Ohio Jurisprudence 2d 604. *Hannon* v. *Robinson* (App.), 42 Ohio Law Abs. 368. *State, ex rel. Black,* v. *White,* 132 Ohio St. 58.

The Probate Court cannot validly render a declaratory judgment on a question involving the rights of the parties under an oral contract for the reason that such subject matter is within the exclusive jurisdiction of the Court of Common Pleas. *Sherrets* v. *Tuscarawas Savings & Loan Co.,* 78 Ohio App. 307.

For the reasons stated herein, this action is dismissed and costs assessed against plaintiff.