SIMEON HAYNES *v.* JACOB BAKER.

Lands not in the possession of the judgment debtor, and in which he has an equitable estate, created by a contract of purchase, cannot be levied on, and sold to satisfy a judgment against him ; and the purchaser under the judgment does not become the assignee of the contract of purchase.

BILL of review. Reserved in Muskingum county.

The original controversey between these parties arose upon the following state of facts :

In 1839, Baker, being the owner of a certain farm in Muskingum county, sold it, by contract in writing, to Haynes, reserving to himself about five acres in the south-east corner of the farm.

In this contract, Baker bound himself to convey the farm to Haynes, who, on his part, agreed to re-convey to Baker the "piece reserved."

Baker conveyed the farm according to agreement, but Haynes, as Baker claimed, failed to execute and deliver a deed conveying to him the reserved land. Haynes claimed that he had tendered to Baker a deed properly executed, conveying the reserved land. Thereupon Baker brought an action of debt against Haynes on said contract, and Haynes pleaded the tender above stated; to which Baker replied that the deed tendered was not a deed of the same land described in the contract.

The result of this issue, was a judgment against Baker for costs.

Upon this judgment, an execution was issued and levied upon the "reserved land" as the property of Baker; and a sale thereof was made by the sheriff to Haynes. The sale was confirmed by the Muskingum common pleas, although opposed by Baker, and the sheriff, under the order of the court, executed and delivered to Haynes a deed for the land thus sold.

Thereupon Baker filed a bill in chancery in the court of common pleas of Muskingum county, to set aside the order of court confirming the sale, and to compel Haynes to perform specifically his contract to convey to him said reserved land.

To this bill Haynes filed his answer, and to the answer Baker filed his replication; and the issue thus made was, in substance, the same as that made in the action of debt, with a further issue as to the validity of the sale of the "reserved land" on execution, and the confirmation of said sale. Baker was not in possession of the "reserved land" at the time of the levy and sale on execution.

Upon this state of facts and pleadings, the district court of Muskingum county, to which the cause had been appealed, at the September term, 1853, entered a decree by which Haynes

was directed to execute to Baker a deed in fee simple for the reserved land; and that, in default thereof, said decree should stand as such conveyance. And in and by said decree it was further adjudged that the conveyance made by the sheriff to Haynes should be held inoperative, and that he should take nothing by said purchase at sheriff's sale.

To reverse this decree of the district court, Haynes filed this bill of review and assigns for error:

1. That there is no matter or thing set forth in the original bill upon which the said decree can be justly predicated.

2. Nor is there in the case, upon the testimony.

Baker demurred to the bill of review.

*C. B. Goddard*, for complainant in review, insisted that the error committed in this case consisted in the erroneous application of the principle " *that an equity cannot be sold on execution.*" This means that an equity cannot be " *sold as an equity*, but must be sold as *land.*" *Canby* v. *Porter*, 12 Ohio Rep. 79. In *Baird* v. *Kirtland & Fowler*, 8 Ohio Rep. 24, the equity only, was appraised. He cites further: 2 Ohio Rep. 225 ; 7 Ohio Rep., Pt. 1, 227 ; 10 Ohio Rep. 71; *Gray* v. *Tappan*, Wright's R. 117.

*Baker*, defendant.

J. R. SWAN, J.

Possession of land is an estate therein which may ripen into the right of possession and the right of property. If a judgment debtor is in possession of land, it may be levied upon and sold; for he has an estate recognized by the common law, and to a considerable extent protected by the occupying claimant law. Whether, when such possession of a judgment debtor is united with an equitable estate, a sale on execution will carry with it such equitable estate, has never yet been expressly decided by the Supreme Court of this State. But if the judgment debtor has no estate whatever in lands but an equitable one, that is to say, if he holds simply a contract of purchase or title bond, and is not in possession, there is nothing for the judgment to operate upon as a lien ; and there is nothing in fact to levy upon or sell

on the execution but the contract of purchase, which is, at law, a mere chose in action.

Hence a mere equitable interest in land, the judgment debtor not being in possession, cannot be seized and sold upon execution at law. *Roads et al.* v. *Symmes et al.*, 1 Ohio Rep. 281; *Douglass* v. *Houston et al.*, 6 Ohio Rep. 156; *Scott* v. *Douglass*, 7 Ohio Rep., Pt. 1, 227; *Baird* v. *Kirtland & Fowler*, 8 Ohio Rep. 24.

In the case now before the court, the judgment debtor was not in possession of the land. The case therefore comes within the principle recognized in the decisions above referred to.

*Demurrer sustained, and bill of review dismissed.*