MAHALA SHERILL et al. plaintiffs in error, vs. JOSIAH R. PAR-
ROTT, defendant in error.

The Superior Court has no jurisdiction to enforce the execution of an order
issued by a Justice of the Peace *before* whom a possessory warrant for the
restoration of personal property was sued out.

Possessory warrant, in Polk Superior Court. Decision by
Judge HAMMOND at April Term, 1858.

The facts in this case are sufficiently stated in the follow-
ing order, passed by the presiding Judge, and to which coun-
sel for defendants excepted, viz:

GEORGIA,          }   Superior Court, April Term, 1858.
  Polk county.    }

Upon argument by counsel on both sides.

It appearing to the Court that on the — day of August,
1857, Josiah R. Parrott, administrator of the estate of Jesse
Dickerson, deceased, late of Cass county, sued out before Is-
rael P. Davis, a Justice of the Peace in and for the county of
Polk, a warrant for the possession of seven negroes, slaves,
in said warrant named, to-wit; (here the slaves are describ-
ed &c.) against Benjamin F. Smith and Mahala Sherill, of said
county, under the provisions of an Act entitled an Act more
effectually to quiet and protect the possession of personal
property, passed in 1821. That upon the return of said war-
rant, said defendants, refusing to produce said negro slaves
to be dealt with according to law, were ordered to be com-
mitted to the common jail of Polk county by said Justice.
That said defendants were delivered, together with said war-
rant and mittimus, by William Jones, a Constable in and for
———— District G. M., Polk county. That at the October
Term of the Superior Court of Polk county, said Parrott ap-
plied for a writ of mandamus to be directed to Josiah C.
York, Sheriff of said county, requiring him to show cause
why he should not be attached for contempt of Court in not
obeying the order of said Justice, and not committing said

Sherill vs. Parrott.

defendants to jail as directed in and by said order; that said Sheriff, for cause, showed that there was no sufficient jail in the county of Polk.   Whereupon the Superior Court ordered him to deliver the defendants to the Sheriff of the county of Cass or his lawful deputy, to be imprisoned in the common jail of said county of Cass, without bail or mainprise, until they should produce said·negroes.   That said Sheriff failed to obey this order, and on the 10th February, 1858, the Hon. D. F. Hammond, Judge of the Superior Court, granted an order, directed to said York, Sheriff as aforesaid, to re-arrest the defendants and deliver them to the Sheriff of Cass county, to be imprisoned in the jail of said county of Cass until said negroes should be produced.   Whereupon the said Sheriff re-arrested the defendants, and instead of delivering them to the Sheriff of Cass county, delivered them to the Jailor thereof, and said defendants applying to the Inferior Court of Cass county for a habeas corpus, were discharged by said Court from imprisonment, without said Parrott, who resided in Cass county, or his attorney, having any notice of said application, whereby the order of the Superior Court was set aside by the Inferior Court, contrary to law.

It is, therefore, ordered that the Sheriff of the county of Polk re-arrest said Benjamin F. Smith and Mahala Sherill, and them immediately imprison in the common jail of the county of Polk without bail or mainprise, until they shall produce said negro slaves, in said possessory warrant named, before the said Israel P. Davis, Justice of the Peace aforesaid, to be dealt with according to law.

D. F. HAMMOND, J. S. C. T. C.

After the above order was passed, and on the same day, defendants moved to set aside the same, which the Court refused, and defendant's counsel excepted.

WOFFORD; SHROPSHIRE; and UNDERWOOD & SMITH, for plaintiffs in error.

CHISOLM & WADDELL; and IRWIN & LESTER, *contra.*

*By the Court.*—McDONALD J. delivering the opinion.

The possessory warrant for the restitution of the property to the claimant was sued out before a Justice of the Peace, who, upon the defendants' refusing to produce the property, committed them to the jail of Polk county.   The Justice of the Peace who issued the warrant, had jurisdiction of the cause and competent power to enforce the execution of his orders.   The Judge of the Superior Court had no jurisdiction of it, and no authority to issue a writ of mandamus, directed to him who was the ministerial officer of another functionary, to execute an order not emanating from him.

The whole proceeding, so far as it relates to the action of the Superior Court, is void, and the party moving the warrant, must depend on the jurisdiction before which he has elected to proceed, for the attainment of his rights.

Judgment reversed.