Dickman, J.
Neither the judgment of Kelsey nor that of Morgan was a lien on the premises which were thereafter conveyed.to Shupe by the master commissioner. “The existence, validity, and extent of a judgment lien are mat-' ters purely legal, dependent upon statutory provisions.” Douglass v. Huston et al., 6 Ohio, 162. The interest which a judgment may bind must be one which can be levied on and sold to satisfy it. Roads v. Symmes, 1 Ohio, 314. Shupe did not take possession of the premises until August 1, 1878, and the deed of that date was delivered to him August 2, 1878. Until delivery of the deed, his rights as purchaser were inchoate and imperfect. By possession of the premises and delivery of the deed duly executed and acknowledged, his title was perfected. Under the provisions of the statute regulating sales on execution, the deed gave him a “ good and perfect estate in the premises.” 51 Ohio Laws, 57, §438. But the execution in’favor of Mor *121 gan was levied July 22, 1878, fully ten days before Shupe had taken possession or received a deed of the premises, and before he was vested with an interest therein, that could be levied on and sold to satisfy a judgment against him. Morgan’s levy was therefore invalid. The principle governing the case of Haynes v. Baker, 5 Ohio St., 253 is applicable to the case at bar. . Following and approving that case, we are of the opinion, that Kelsey, by virtue of the levy of the execution in his favor after Shupe had entered into possession and received a deed of the premises, acquired a valid lien thereon, and should be first paid out of the proceeds of tbe sale of the same.
The judgment of the district court must be affirmed.

Judgment accordingly.