## GIBBES v. MORRISON.

1. CASE CRITICISED.—James *v.* Smith, 2 S. C., 183, recognized and followed.
2. COURT OF COMMON PLEAS—RULE—JURISDICTION.—The duty imposed by statute upon a sheriff of putting a purchaser at tax sale into possession of the land purchased cannot be enforced by rule from the Court of Common Pleas, as that court has no jurisdiction to enforce by rule any duty imposed upon the sheriff by statute in a matter of which that court has not acquired jurisdiction in some recognized mode of proceeding, or by express statutory provision.
3. CASE CRITICISED.—This case distinguished from Scott *ads.* Carr, Riley, 193.
4. THE QUESTION OF JURISDICTION may be raised at any time, and it is properly raised by the court itself of its own motion.
5. CHANGE OF PROCEEDING.—There was no legal error on the part of the Circuit Judge in refusing to convert a proceeding by rule into one for mandamus.
6. TAX SALES—PURCHASER—COMPTROLLER GENERAL.—The statute which put the sheriffs of the State under the direction of the comptroller general in making tax levies and sales and paying over the proceeds, and which invested the comptroller general with the rights of plaintiffs in execution, does not confer any power upon that officer as to putting purchasers at tax sales into possession, and certainly confers no rights upon a purchaser at a tax sale.
7. STATUTES—EXPRESSIO UNIUS, &c.—The statutory provision, that a mortgagor may apply by rule to have satisfaction entered upon the record of his mortgage, does not authorize rules in other matters not enumerated.

Before FRASER, J., Berkeley, October, 1892.

This was a proceeding by rule against John B. Morrison, as sheriff of Berkeley County, instituted by James G. Gibbes.

*Messrs. McCradys & Bacot,* for appellant.

*Mr. E. J. Dennis,* contra.

June 26, 1893. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. In this case the appellant filed his petition, addressed to the presiding judge of the Court of Common Pleas, setting forth, substantially, that he had become the purchaser of certain land in the County of Berkeley, which respondent had sold under a warrant or execution issued by the county treasurer of said county to enforce the payment of taxes on said land, and that although he had complied with the terms of said sale, and received titles from the said respondent, he had neglected and refused, upon demand, to put appellant in possession of said land, as required by the provisions of the act of 1887 (19 Stat., 862), and the amendments thereto, under which the sale had been made. Wherefore, the petitioner prayed for an order directing the said John B. Morrison, sheriff as aforesaid, to put the petitioner in possession of said land, as required by the statute.

On hearing this petition, his honor, Judge Fraser, issued an order requiring the respondent to show cause why the appellant should not be put in possession of the land mentioned in the petition. To this rule to show cause, the respondent made return, setting forth his reasons for not putting the appellant in possession of the land, but not raising any question of jurisdiction. These reasons need not be stated here, as, under the view which we take of the case, it would not only be unnecessary, but perhaps improper, for us to consider the merits. The Circuit Judge held, that as the execution under which the land was sold did not issue out of this court—the Court of Common Pleas—he had "no jurisdiction, by rule on the sheriff, to require him to perform duties imposed on him by law and under execution issued by some other authority than this court;" referring to a case in Darlington as sustaining his view.

The case alluded to by his honor is, doubtless, the case of

*James* v. *Smith*, 2 S. C., 183, which we think fully supports his view. In that case the plaintiffs instituted proceedings, under the act of 1866 (13 Stat., 416), before a magistrate to eject the defendants, Smith and Bristow, alleged to be tenants of plaintiffs, from certain lands, and upon hearing the same the magistrate issued his warrant, directed to Thomas C. Cox as sheriff of said county, requiring him to eject said Smith and Bristow from said premises, and to put the plaintiffs in possession of the same. The warrant having been lodged with the sheriff, and he having failed to execute the same, the plaintiffs applied to and obtained from the Court of Common Pleas a rule on the sheriff, to show cause why he should not be attached for a contempt, because of his failure to execute said warrant. To this rule the sheriff made return, "and for cause submitted *inter alia* that the plaintiffs have no right to procure an attachment against him for contempt of court, for failing to execute the process of another and inferior jurisdiction." The Circuit Judge held the return insufficient, made the rule absolute, ordered the sheriff forthwith to execute the warrant issued by the magistrate, and that upon his failure so to do by a day named, he be fined, and be imprisoned until he purged his contempt, and that a writ of attachment do issue to enforce the order. From this order the sheriff appealed, upon the ground, amongst others, that the Circuit Judge "had no right to entertain a rule against the sheriff for failing or refusing to execute the process of an inferior tribunal, or any tribunal except his own court." Pending this appeal the writ of attachment was issued and the sheriff was arrested and imprisoned thereunder, whereupon he applied to the chief justice for a writ of *habeas corpus*, which was granted, and upon hearing the return thereto the sheriff moved for and obtained his discharge. In granting the order of discharge, Moses, C. J., rendered an elaborate opinion, holding that the Circuit Court of Common Pleas has no jurisdiction, upon a mere rule to show cause, to attach a sheriff for contempt, in failing to execute a warrant issued by a magistrate in a civil proceeding, directed to the sheriff and legally in his hands for execution. This opinion was subse-

quently adopted by the Supreme Court upon the hearing of the appeal as expressive of the law applicable to the matter.

Upon the same principle, we must hold that the Court of Common Pleas has no jurisdiction to enforce by rule the performance of any duty imposed upon the sheriff by statute in a matter of which said court has not acquired jurisdiction in some recognized mode of proceeding, unless expressly authorized so to do by some statutory provision; and none such has been brought to our attention in this case. It seems to us, therefore, that there was no error on the part of the Circuit Judge in declining to take jurisdiction in this case, without indicating any opinion as to the right of the appellant to be put into possession of the land, and in remitting him, without prejudice, to any other proceeding he may be advised to institute.

It is true that the case of *Scott* ads. *Carr*, Riley, 193, does furnish an instance in which the Court of Common Pleas did take jurisdiction of a rule on the sheriff to show cause why he had failed to collect an execution issued by a court martial for the enforcement of a fine imposed for a default in the performance of militia duty; but in that case the question of jurisdiction was not raised either by the parties or by the court, and is in no way alluded to in the opinion; possibly for the reason that the statute (act of 1833) authorizing the issue of executions for the payment of fines imposed by a court martial provided that the duties of the sheriff in respect thereto should be performed "under the same penalties as are now imposed by law for not returning process issued by any court of this State;" and it may be that the words just quoted were regarded as sufficient to place executions issued by a court martial upon the same footing as executions issued by any of the courts of this State, and hence enforceable by rule and attachment. At all events, the question of jurisdiction not being raised or considered in that case, it furnishes no authority in conflict with the view which we have adopted upon the authority of the case of *James* v. *Smith*, *supra*, where the question was raised and elaborately considered.

The fact that the question of jurisdiction was expressly

raised by the sheriff in his return to the rule, in *James* v. *Smith*, while here the respondent raised no such question in his answer to the rule, is a matter of no consequence.

For it is too well settled to admit of argument that a question of jurisdiction may be raised at any time, even by the court, *ex mero motu*. In this case, it was not only the right of the Circuit Judge to raise the question of jurisdiction, but, if not his duty, it certainly was eminently proper for him to do so. No court ought to be expected to grant an order which it has no means of enforcing; and we do not see how the order applied for here could have been enforced, except by attachment for a contempt; and this the authorities above cited show could not be resorted to.

Nor do we think there was any error on the part of the Circuit Judge in declining to convert this application into a proceeding for mandamus; but, even if there was such error, there certainly was no *error of law* in refusing to do so.

Finally, appellant invokes the benefit of the provisions of section 9, added to the act of 1887 by the act of 1888 (20 Stat., 51), as amended by the act of 1890 (20 Stat., 652). But that section, if at all applicable to the present case, is, as it seems to us, rather adverse than favorable to the appellant's view. That section, as it now stands, or at least so much of it as relates to this matter, reads as follows: "The sheriffs of the several counties in this State, in making levies and sales, in making returns, and in paying over money collected under tax warrants or executions placed in their hands by county treasurers, shall be subject to the direction and under the control of the comptroller general of the State, in like manner as they now are to plaintiffs in execution; and the comptroller general is hereby invested with all the rights and privileges of a plaintiff in execution to invoke and obtain the aid of the court to compel refractory sheriffs to discharge their duties in the enforcement of tax executions," &c.

The object of this provision, judging from its phraseology, seems to be nothing more than to invest the chief fiscal officer of the State with power to enforce *the collection of taxes* under

executions placed in the hands of the sheriffs, and has no reference to any other duties required of the sheriff. If that officer collects the taxes and pays them over to the proper authorities, the comptroller general has nothing more to do with the matter. It is no concern of his whether the sheriff performs his duty *to the purchaser* of land under an execution for taxes—for instance, whether he puts the purchaser into possession or not. That is a matter which concerns the purchaser, and not the State or its chief fiscal officer. The provision is manifestly designed to secure the prompt collection of the taxes, and not intended to give the comptroller general general supervision and control of the sheriffs in the discharge of their official duties, but only so far as to enforce prompt collections of taxes, and prompt payment over of the same. But if we are in error in this view, we do not see how appellant's case is helped by this provision. This is not a proceeding instituted by the comptroller general, and, on the contrary, so far as appears, that officer has nothing to do with it, and, perhaps, knows nothing of it. So that, even if it should be conceded that the comptroller general has the power, by rule on the sheriff, to compel him to put a purchaser, at a sale made by him under a tax execution, into possession, no such power has been exerted in this case.

The suggestion made in the argument that the provision made in section 1793 of the General Statutes affords an instance in which the court has been authorized to issue a rule to show cause in a matter not involved in any action or proceeding pending in the court, cannot avail the appellant. That is a special provision applicable only to a particular matter; and from it no inference can be drawn favorable to appellant, but rather the contrary, under the maxim, *expressio unius est exclusio alterius.*

The judgment of this court is, that the judgment of the Circuit Court be affirmed.