**MAHONING COUNTY COMMISSIONERS, Plaintiffs-Appellees, v YOUNGSTOWN (CITY) ET, Defendants-Appellants. Defendants-Appellants.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3148. Decided October 13th, 1946.

H. H. Hull, Asst. Pros. Atty., Youngstown, for plaintiffs-appellees.

John W. Powers, Law Director, Youngstown, for defendants-appellants.

W. O. R. Johnson, Youngstown, Amicus Curiae for Trustees of Austintown Township.

Homer E. Carlyle, Youngstown, Amicus Curiae for Trustees of Boardman Township.

## OPINION

By PHILLIPS, J.

Acting under and in compliance with constitutional and statutory authority, in 1925, Mahoning County, Ohio, by resolution of its Board of County Commissioners established Boardman Sewer District Number 1 and Austintown Sewer District Number 5, and on June 2nd and November 7th, 1924, respectively, the Water Department of Defendant City, a municipal corporation operating under a home rule charter of its own adoption, entered into written agreements with plaintiff Board for the purposes stated hereinafter, which agreements, under authority of Section 47 of defendant City's Charter, were signed by its "Commissioner of Water."

In accordance with the terms of such agreements plaintiff Board constructed under the supervision and with the approval of the Water Department of defendant City 32 miles of water pipes in the Boardman District at an approximate cost of $427,518.28 and 16 miles of such pipes in the Austintown District at an approximate cost of $223,674.52, and maintained them and extensions thereto for a period of one year thereafter when defendant city accepted such pipes, assumed the subsequent maintenance thereof, furnished domestic water users in those districts with water ."at the prevailing rate charged to consumers within the city, and in addition maintained the fire hydrants in said district", and furnished fire protection, the same kind of essential equipment used in the water system of defendant city, and other services thereto.

The Boardman District contract was approved by the council of defendant city, the Austintown Sewer District was not so approved. Neither contract provided for a specific calendar expiration date, but in each contract plaintiff board

agreed "to release to the City of Youngstown Water Department all county rights of control and ownership of that part of the pipe systems so constructed lying within any territory as it becomes annexed to the City of Youngstown."

On January 1, 1946, the Water Commissioner of defendant city "increased the water rates to county consumers" by ten percent and imposed "an annual service charge of $20.00 for each fire hydrant" in such districts and so notified plaintiff board on December 6, 1945, but did not increase, or attempt to increase, the rates of consumers within the corporate limits of defendant city, although the charter of defendant city at the time of the execution of both contracts provided "that water rates shall be uniform to all consumers."

On January 17th and February 8th, 1946, respectively, plaintiff board filed "an application" and "amended application for declaratory judgment" in the court of common pleas of Mahoning County in which it alleged that "all parties herein have, until October 31, 1945, performed each and all the conditions of said contract to be by them kept and performed, but that the Defendant City Water Department, through its Commissioner, has notified the users of city water in said District of Boardman and Austintown Township, of its intention to modify said contracts and increase the existing rates charged for such water ten percent, and make an additional charge as a service charge for fire hydrants in these districts", and in the amended application prayed that "court for declaratory judgment, declaring both of said contracts to be a valid, binding and subsisting agreement between the parties hereto, and directing said defendants to continue to comply with and execute their terms in the future, as they have in the past."

In its answer to the "amended application" of plaintiff board defendant city prayed that the trial court "declare the 10% increase in said water rates of non-city consumers and the additional service charge on fire hydrants located beyond the corporate limits of defendant city to be valid and within the power and discretion of the Commissioner of Water of said City; that the water contracts alleged in said amended petition be declared terminable at the will of either party thereto and at the will and option of this defendant city acting through its Commissioner of Water; or, in the alternative, that said contracts be declared subject to said increased rate and said additional service charge as determined by said Commissioner of Water; that defendants be granted such other and supplemental relief in the premises, together with their costs herein."

The cause was heard in the trial court upon an agreed statement of facts, heretofore set forth almost in full herein, and the testimony of a witness originally called by the trial judge under authority of **The Merchants National Bank v Cole, 83 Oh St 50**, and **Gibbons v Schwind Realty Co., 25 Abs 260**, for the purpose of proving facts existing at the time and circumstances surrounding the execution of the contracts named and to "enable the court to put itself in the place of the parties and to better understand the terms employed in the writing and to arrive at the mutual intention of the parties." However the bill of exceptions shows that the Law Director of defendant city stated, "I will be glad to call him unless the court wants to do it on his own motion", and thereafter called and examined such witness.

The trial judge held "that said contracts are not terminable at will but are valid and subsisting contracts and that the attempted change in and increase of rates by the defendant is invalid", and overruled defendant's motion for a new trial.

Defendant city appealed to this court on questions of law from the judgment of the trial court, and stated by brief that "boiled down, the issue involved is contract or no contract. The County claims that these changes in rates cannot be made under the terms of said contracts; the City contends that these contracts, silent as to duration, have no duration and are terminable at the will of either party, and in this particular case, lasting more than 20 years, have expired by efflux of time under statutory provisions (Sec. 3973, GC)."

Counsel for defendant city further contend that such contracts are franchises, and under the Ohio rule are not perpetual but simply indeterminate and exist only so long as the parties thereto agree to their existence, and are terminable at the will of either of the parties, and cite as authority supporting such contention **East Ohio Gas Company v City of Akron, 81 Oh St 33; Newcomerstown v Gas Co., 100 Oh St 494; East Ohio Gas Co. v City of Cleveland, 106 Oh St 489; 19 O. Jur., p. 302, Sec. 21.**

**Article XVIII, Sec. 6, of the Constitution of Ohio**, no claim of the violation of which is made in this case, authorized defendant city to execute the named contracts to furnish domestic users in Austintown and Boardman Townships water "in an amount not exceeding * * * fifty per centum of the total" water "supplied by such utility within the municipality", and this is a self-executing section. See **Pfau v Cincinnati, 142 Oh St 101.**

In contracting with plaintiff board for the sale of water defendant city, engaged in a proprietary function and within the power granted it by the Ohio Constitution, could and did bind itself by such contracts the same as though it was a private concern. See **State, ex rel. Mt. Sinai Hospital v Hickey, 137 Oh St 474, 30 N. E. (2nd) 802; Zangerle v Cleveland, 145 Oh St 347.**

As the result of careful consideration of the provisions of the contracts under discussion, the evidence, and the law applicable thereto we conclude they are not franchises.

The first sentence of §3973 GC, which defendant city contends defines the nature and controls the contracts under discussion, deals with the sale of water by one municipality to another and provides for no time limit. The remainder of another and provides for no time limit. The remainder of that section, which provides a time limit of twenty years, deals with sales of water by municipalities to others for manufacturing or similar purposes, and we believe does not apply to the facts in the case at bar. See Wright v Village of Kennedy Heights, 1 O. C. (N. S.) 195.

Like the trial judge, we conclude that §3967 GC, has no application to the issues involved in this case. See 1927 Ohio Attorney General Opinions No. 276, page 481.

Apparently at the time the contracts were executed by the parties counsel was uncertain as to whether the contracts would expire at the end of twenty years by reason of §3973 GC, and by reason thereof inserted no actual termination date therein; and we believe that in view of the amount of the expenditures made by plaintiff board, other circumstances surrounding the execution of such contracts, and the purposes to be accomplished, reference to some of which has been made herein, that it was the intention of the parties that the contracts should continue in force, which can be determined from the provisions of the contracts and the circumstances surrounding their execution (see **9 O. Jur., Sec. 110, p. 330**), as long as surplus water is available for sale for the purpose named in such contracts.

It appears to be settled law that where no limitation is expressed in an agreement that neither party can terminate it without the consent of the other unless the contract by its nature indicates with sufficient clearness that the parties must have intended some other termination. See 12 Am. Jur., Sec. 305, p. 860.

Of course, it is fundamental that both contracts can be terminated by mutual consent of the parties at any time; and

under the provisions thereof we are of opinion otherwise will terminate only as to any particular part of all or either district when such part or all of either district respectively becomes annexed to the City of Youngstown, or until defendant city no longer has surplus water available for sale to plaintiff board for the purposes named in such contracts (see Art. XVIII, Sec. 6, Ohio Constitution), but will remain in force and effect as to any other part or portion of either district not annexed, and both contracts will terminate completely only in the event both districts become completely annexed to the City of Youngstown.

We believe the contracts under discussion are valid and not terminable by defendant city at will. Also we are of opinion that defendant city can increase the water rate of domestice water users in Austintown and Boardman Townships only when it makes a similar increase in the rate of domestic water users within its corporate limits.

In his opinion the trial judge said, "while the Austintown contract upon its face does not show approval by City Council, the two contracts are treated alike because it is quite clear that the City is estopped to deny the power of the Water Commissioner to enter into such contract after having received the benefits of the contract over a long period of years. This point was not raised either in briefs or arguments." And in support of his conclusion cited Cincinnati v Emery Memorial, 25 Abs. 57; Western Res. Steel Co. v Cuyahoga Hts., 118 Oh St 544; 28 O. Jur., pp. 927 and 928, Sec. 577.

These questions were raised in this court and we dispose of them by saying we concur in the stated reasoning of the trial judge and accordingly cannot say that the trial court erred "in holding that the city was estopped from attacking the validity of the Austintown Township contract entered into without the approval of council as required by §§3973 and 3967 GC."

We have considered the evidence in this case and contentions of counsel for the respective parties and amicus curiae carefully and read and analyzed the numerous cases and the holdings of the authorities cited by them in support thereof painstakingly, and conclude that the trial judge did not err in holding that the contracts in question were not terminable at the will of defendant city, or that "the Court's findings that valid and subsisting contracts existed between the parties are against the manifest weight of the evidence and are not supported by any evidence"; and we cannot say that "the court erred in denying defendant city and its Commissioner of Water

the right to increase water rates of non-city consumers, or that "the judgment of the court is contrary to law", or erred "in overruling defendant's motion for new trial"; and cannot reverse the judgment of the trial court and enter final judgment for defendant as we are urged to do.

The judgment of the trial court is modified and affirmed as modified.

NICHOLS, PJ, and CARTER, J, concur in judgment.