THE STATE, EX REL. BALDINE, *v.* DAVIS, SHERIFF.

[Cite as State, ex rel. Baldine, v. Davis, 1 Ohio App. 2d 117.]

(No. 4283—Decided May 7, 1964.)

*Mr. Paul A. Burns,* for relator.

*Mr. Clyde W. Osborne,* prosecuting attorney, for respondent.

FRANCE, J. This is an action in mandamus brought in this court by relator to compel respondent to levy on certain property of the city of Youngstown in satisfaction of a judgment of $16,000 obtained against it by relator. There is no issue of fact made by petition and answer. The case was originally heard in October 1962, and docket entry made denying the writ. It is now considered on relator's motion for rehearing.

On February 17, 1961, a jury verdict was rendered for relator against the city in the Common Pleas Court of Mahoning County in the amount of $25,000, on which the answer admits judgment was entered. On appeal to this court a remittitur of $9,000 was ordered and accepted and the judgment affirmed in the amount of $16,000 on December 13 of the same year. In course of appeal the Supreme Court overruled a motion to certify the record, on June 20, 1962. (*Baldine* v. *City of Youngstown,* No. 37461).

On July 13, 1962, relator caused two executions to be issued by the clerk to respondent for levy on property of the city. In one, respondent was directed to levy on a 1962 Buick automobile owned by the city, Division of Water, and assigned to the mayor, apparently for official use. The other directed levy on Division of Water funds in the hands of the Dollar Savings and Trust Company, Central Square, Youngstown.

No action was taken thereon by respondent as of August 23, 1962, when relator filed his petition, or as of August 24, 1962, the date of allowance of alternative writ. Thereafter respondent, on September 6, 1962, claims to have "levied execution upon the final judgment fund of the city of Youngstown" and made return "that there are not sufficient funds in the final judgment fund of the city of Youngstown at this time to pay the judgment of *Baldine* v. *City of Youngstown.*"

While it would appear that these facts raise many issues of law, only one has been argued by the parties and by the law director of the city, *amicus curiae.* This is the question of whether the property indicated in the executions is exempt therefrom. The respondent and the law director argue strenuously that all property held by the city is exempt from execution by its very nature. We do not agree that such is the law. Property owned by a municipality and held in a proprietary capacity, as distinguished from governmental capacity, is generally held to be subject to execution levy. 64 Corpus Juris Secundum, 1074, Section 2212; 17 McQuillin, Municipal Corporations, 256-258; 10 McQuillin, Municipal Corporations, 149. The state of Ohio is recognized by the text writers as concurring in that view, based on statements in *State, ex rel. First National Bank,* v. *Village of Botkins,* 141 Ohio St., 437, wherein the opinion recites at page 442:

"Property held by a municipality in its proprietary capacity, as distinguished from its governmental capacity, is subject to levy and sale after judgment. The record discloses that respondent, the village of Botkins, does own property in its proprietary capacity."

While it is true that such statement is not carried into the syllabus of the case it is not entirely dicta since the court relied, in part, on the ability to levy execution as one of its reasons for denying the remedy of mandamus. See also *City of*

*Cincinnati* v. *Frost, Stearns & Co.*, 5 W. L. B., 684, 8 O. D. Rep., 107, as acknowledging right of levy on nongovernmentally-used property.

The operation of a water works and distribution system is generally admitted to be performed in a proprietary capacity in this state. *City of Barberton* v. *Miksch*, 128 Ohio St., 169; *Mahoning County Commissioners* v. *City of Youngstown*, 49 Ohio Law Abs., 186. In other states where this rule exists levy may be made on waterworks property. *City of Hazard* v. *Duff*, 287 Ky., 427, 154 S. W. (2d), 28; see *Fred Berlonti & Son, Inc.*, v. *Borough of Manheim Authority*, 93 F. Supp., 437.

Respondent and the city further argue that since the waterworks car is assigned to the mayor's office it takes on governmental character. The answer is that a declaration by the city as to the character of the property sought to be reached does not clothe it with a character it does not possess. 64 Corpus Juris Secundum, 1075; *City of Sanford* v. *McClelland*, 121 Fla., 253, 163 So., 513. We do not believe that the city, having for purposes of its own concluded that the mayor was sufficiently concerned with the proprietary function of the water division to use its property for his official business, can now be heard to say that his use is now in an entirely different capacity. See *City of Cincinnati* v. *Frost, Stearns & Co., supra.*

Finally, respondent argues that the creation of a judgment fund by the city pursuant to Section 131.21, Revised Code, erects a barrier against execution levy by providing an exclusive machinery for satisfying judgments. There is nothing in the language of the statute to warrant any such interpretation, nor has it been pointed out to us that any court has so held by reported decision. Certainly if the Legislature had intended this result it could easily have said so.

Even if it could be found that such fund was intended to be the exclusive resort for satisfaction of judgments, we would be forced to conclude that the city's conduct was such as to preclude making such claim. The judgment in question was rendered in February, 1961. All of 1961 went by and the first half of 1962 while the city was unsuccessfully appealing. Yet it refused to face the fact that the judgment might stand (as it did) and failed to take action to transfer money into the fund to pay it. From June until September, 1962, after all appeals

had failed, it still did nothing to make honorable preparations to save its property from levy. It would appear that the city's judgment fund was not intended in this case as a shield, but as a thin and grotesque mask, designed to harrass and delay, if not to defraud, its judgment creditors. We find the judgment fund argument deficient in law, in equity and good conscience. The water division's car and its funds on deposit with the bank are both available for the satisfaction of the judgment in question, on proper process.

We turn now to the question of whether relator has a clear right to the execution of the particular writs issued. They must be such as to be capable of being executed according to their respective commands. In this respect the command of one is to seize funds, by which we assume is meant money. Admittedly money in the debtor's hands may be so taken, if done without violence. *Dawson* v. *Holcomb, Sheriff,* 1 Ohio, 275. But the language of the writ excludes such possession of the debtor and locates it in the hands of a third party. In such case it is not subject to chattel execution but only to garnishee process in aid thereof. Section 2333.13 *et seq.,* Revised Code; *Haynes* v. *Baker,* 5 Ohio St., 253; *Stevens* v. *McCoy, Assignee,* 60 Ohio St., 540. Accordingly we find that relator has no clear right to have levy made under this particular execution.

As to the execution against the automobile, it is to be observed that on its face it was not a general execution as defined by Section 2329.09, Revised Code, which commands the officer to "levy on the goods and chattels of the debtor" generally, but a writ pointing to only one chattel. In spite of the somewhat confused language of Section 2327.02, Revised Code, caused by poor paragraphing and faulty assimilation of the source material (see Sections 11654, 11899 and 11900, General Code), it is apparent that specific description is authorized only in writs of possession, replevin, orders of sale in foreclosure and other actions directed to specific property, such as judgments quasi in rem. It is certainly not good practice in general judgment executions, for it deprives the sheriff of freedom of judgment in making levy. While such specific description does not invalidate the writ, it might make it specifically unenforceable by mandamus unless the officer to whom it was directed waived the defect, which the sheriff has done in this case by levying on

an unauthorized and unreachable chose in action—the final judgment fund. Because of such waiver we find the automobile in question could and should have been levied upon under the writ.

It is also essential for the exercise of mandamus that there be absence of adequate remedy in ordinary course of law. In this court the statute (Section 2731.04, Revised Code) which expresses such limitation is not effective as a restriction on jurisdiction, but the principle is still a sound one. In the case of public officers mandamus is not available where a statute provides a summary and speedy remedy against the officer in default and the sureties on his bond. 55 Corpus Juris Secundum, 50, Mandamus, Section 20. Just such remedy is provided by Chapter 2707, Revised Code, for the sheriff may be amerced for the benefit of the judgment creditor in the amount of the judgment plus ten per cent penalty. The surety on his bond may also be subjected to judgment. Therefore in the absence of any showing that the sheriff would be unable to respond to summary judgment for $17,600 or that his official bond is insufficient for that purpose, we conclude that the summary remedy of amercement is an adequate remedy in the ordinary course of law. It would seem that the sheriff has a clear option: He may make the levy, or he may pay the city's judgment and penalty by amercement and then indemnify himself by taking his own action against the city under Section 2707.07, Revised Code. While it would seem unlikely that such course of action was deliberately undertaken here we cannot exclude such choice by respondent. We do not claim that in all fact situations, or even the present situation, the presence of the amercement remedy can be relied upon to defeat mandamus, but on the present record we consider it as a factor against the issuance of a discretionary writ.

Finally, we consider the appropriateness of the forum selected. This court has jurisdiction in mandamus. So does the Court of Common Pleas, whence the executions issued. In general one court, even a superior court, should refuse to restrain or interfere with the enforcement of process issued by another which had the jurisdiction to issue it. *Jensen* v. *Murray,* 250 Minn., 568, 85 N. W. (2d), 825; *Grimes* v. *Stafford,* Texas, 212, S. W. (2d), 192. This refusal extends to ordering such process

122

executed. *Gibbes* v. *Morrison*, 39 S. C., 369, 17 S. E., 803; *Sherill* v. *Parrott*, 26 Ga., 388. The reasons in policy are sound, for while the issuing court has control of its own process, it may withdraw it at the very moment another is ordering its execution, to the confusion of all concerned. Since the Court of Common Pleas is capable of entertaining actions in mandamus in aid of its own process, in exercising discretion as to the undertaking of concurrent jurisdiction we decline to do so, upon the principle of *forum non conveniens*.

*Motion overruled and writ denied.*

DONAHUE, P. J., and BROWN, J., concur.